```
            IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF OHIO
                       EASTERN DIVISION


KEITH CRABBS,

        Plaintiff,

    vs.                              Civil Action 2:12-cv-1126
                                     Judge Watson
                                     Magistrate Judge King

SHERIFF ZACH SCOTT, et al.,

        Defendants.
```

## OPINION AND ORDER

This is a civil rights action in which plaintiff alleges that, after his acquittal on a criminal charge, he was unlawfully detained and his DNA was forcibly collected and recorded in state and national databases in contravention of his rights under the Fourth and Fifth Amendments.[1] Named as defendants are officials of the Franklin County Sheriff's Department ("the County Defendants"), the Ohio Attorney General and the Superintendent of the Ohio Bureau of Criminal Investigation and Identification.

The case was initiated with the filing of the *Complaint,* ECF 1, on December 6, 2012. On April 3, 2013, the Court established a discovery completion date of December 1, 2013. *Preliminary Pretrial Order*, ECF 30, PageID# 179. Motions for summary judgment, ECF 68, 79, 89, are fully briefed and awaiting resolution. This matter is now before the Court on plaintiff's *Second Motion for Order to Set Status*

---

[1] Plaintiff no longer pursues a First Amendment retaliation claim. *Memorandum of Plaintiff in Opposition to Defendants Zach Scott, Mark Barrett and Gregory Goodrich's Motion for Summary Judgment,* ECF 91, PageID# 920.

1

*Conference and Order Reopening Discovery*, ECF 98 ("*Motion to Reopen Discovery*").  The County defendants oppose the motion.  *Response in Opposition*, ECF 99.

Plaintiff asks to reopen discovery to permit inquiry into two areas: (1) the "operation and coordination of [the Automatic License Plate Reader] data regarding license plate information on vehicles owned by Plaintiff and his family between Defendants' office and the law enforcement agencies involved in the stops" and (2) the "exchange of information between Defendant's office and the law enforcement agencies regarding Mr. Crabb's identity and the identification of vehicles he is known to drive."  *Motion to Reopen Discovery*, PageID# 972. Plaintiff asserts that he has been the subject of "intimidation and retaliation . . . because he has prosecuted this suit."  *Id*., at PageID# 966.  He contends that the requested discovery will permit him "to establish a party-opponent admission, pursuant to Evid. R. 801(d)(2), that [County] Defendants Scott and Barrett acted unconstitutionally in detaining Plaintiff and seizing his DNA."  *Id.* at PageID# 967.  In support of the request, plaintiff lists a number of traffic stops, by a number of law enforcement officials, between March 6, 2013 and August 30, 2013.  *Id.* at PageID# 969-71.

Rule 16 of the Federal Rules of Civil Procedure permits the modification of a scheduling order "only for good cause and with the judge's consent."  Rule 16(b)(4).  A court considering a request to modify the schedule may do so only "'if it cannot reasonably be met despite the diligence of the party seeking the extension.'"  *Leary v. Daeschner*, 349 F.3d 888, 906 (6th Cir. 2003)(citing Fed. R. Civ. P.

16, 1983 Advisory Committee Notes).  "Another important consideration for a district court deciding whether Rule 16's 'good cause' standard is met is whether the opposing party will suffer prejudice by virtue of the amendment."  *Id.* (citing *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002)). The "overarching inquiry," however, "is whether the moving party was diligent in pursuing discovery."  *Dowling v. Cleveland Clinic Found.*, 593 F. 3d 472, 478 (6th Cir. 2010).

 The alleged incidents of claimed intimidation and retaliation occurred substantially before the discovery completion date in this case, yet plaintiff does not explain why the discovery now sought in connection with these incidents was not undertaken during the discovery period.  Plaintiff has therefore failed to establish that he was diligent in pursuing the requested discovery.  It follows that plaintiff has not established good cause for modifying the pretrial schedule in this case.

 Accordingly, plaintiff's *Second Motion for Order to Set Status Conference and Order Reopening Discovery*, ECF 98, is **DENIED.**

August 11, 2014                              *s/Norah McCann King*
                                              Norah M$^c$Cann King
                                         United States Magistrate Judge

3